RE:   May 31, 2019 Administrative Tort Claims

Dear Mr. Gallagher:

    The U.S. Department of Justice, Drug Enforcement Administration (DEA) has received your Federal Agency Comment Form, dated May 31, 2019, and construes it as an administrative tort claim under the Federal Tort Claims Act seeking $5,600,000.

    This claim is hereby denied. If you are dissatisfied with the denial of this claim, suit may be filed in the appropriate United States District Court no later than six months after the date of this letter. This is not to imply, however, that such a suit would be successful. *See* 28 CFR § 14.9.

Sincerely,

Marcia N. Tiersky
Associate Chief Counsel
United States Department of Justice
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152



**U.S. SMALL BUSINESS ADMINISTRATION**
WASHINGTON, D.C. 20416

MAY 31 2019

OFFICE OF THE NATIONAL OMBUDSMAN

Reverend Ryan Gallagher
The Shaivite Temple of Colorado
1010 Lakewood Drive
McKinney, TX  75070

Dear Reverend Gallagher:

As indicated in correspondence from Ms. Mina Wales, Deputy National Ombudsman, dated April 17, 2019, your comment regarding your request for a religious exemption to the Drug Enforcement Agency's (DEA) Pharmaceutical Registration was referred to DEA for further review and a follow-up response.  I have enclosed a copy of the follow-up response with this letter.

Please note that the Office of the National Ombudsman does not have enforcement authority nor the ability to compel an agency to take any particular action.

If you have any questions or further concerns, please contact Ms. Cynthia Pope, Case Manager, by telephone at (202) 205-2417 or by e-mail at Ombudsman@sba.gov.

Sincerely,

Stefanie Baker Wehagen
National Ombudsman and
Assistant Administrator for Regulatory Enforcement Fairness

encl.

SBW/cdp



**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*                                               Springfield, Virginia 22152

MAY 1 7 2019

Ms. Cynthia Pope
Deputy National Ombudsman
Office of the National Ombudsman
United States Small Business Administration
409 3rd Street, SW, MC 2120
Washington, D.C. 20416-0005

Dear Ms. Pope:

 This responds to the April 17, 2019 letter from Deputy National Ombudsman, Mina A. Wales, regarding Mr. Ryan Gallagher's recent correspondence relating to the Drug Enforcement Administration's (DEA) February 11, 2019 letter to the Small Business Administration (SBA) regarding a petition to the DEA for a religious exemption from the Controlled Substances Act (CSA) pursuant to the Religious Freedom Restoration Act (RFRA). SBA requested that the DEA review the correspondence from Mr. Gallagher and prepare a follow-up response.

 In DEA's February 11, 2019 response, this office provided SBA with a guidance document which explains the process by which RFRA requests are to be submitted and how they are processed here at DEA. The guidance document explains that DEA may require a petitioner to submit additional documents or written statement of facts relevant to the petition in order to conduct a fulsome analysis of the petition.

 Consistent with that process, DEA outlined the steps it had taken to investigate the petition in this matter. Issues identified as part of that investigation were discussed and must be fully understood before DEA can make a final determination on this request. It is clear from the petitioner's most recent communication with the SBA that he disagrees with the characterization of the meetings and discussions that have been conducted thus far. While this is unfortunate, please be assured that the DEA has made every effort to comply with the regulations and policies applicable to entities seeking authority to handle controlled substances.

 The petition remains under review and as previously stated, DEA reserves its right to seek additional information from Mr. Gallagher, as set forth in the Guidance document. At this time, DEA cannot provide any additional details regarding this pending matter.

Ms. Cynthia Pope                                                      Page Two

If you require any additional information, please contact Section Chief Loren T. Miller, Diversion Policy Section at (202) 307-8250 or by email at loren.t.miller@usdoj.gov.

Sincerely,

Raymond K. Brown
Deputy Assistant Administrator
Office of Diversion Control Policy

FILED
United States Court of Appeals
Tenth Circuit

March 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| RYAN GALLAGHER, Rev. "Sasha," <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DRUG ENFORCEMENT ADMINISTRATION; JAMES ARNOLD; SUSAN A. GIBSON; and DREW, Agent in Centennial Office, <br><br> Defendants-Appellees. | No. 18-1352 <br> (D.C. No. 1:18-CV-01674-LTB) <br> (D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal is brought by Rev. Ryan "Sasha" Gallagher, who identifies himself as a Hindu Shaivite. Rev. Gallagher allegedly regards marijuana as a religious sacrament, so he asked the Drug Enforcement

---

[*] Oral argument would not materially aid our consideration of the appeal, so we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited as otherwise appropriate. *See* Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

Administration for an exemption allowing him to use marijuana. According to Rev. Gallagher, the DEA failed to timely respond but eventually asked for a meeting with him. Rev. Gallagher responded by suing, alleging that the delay violated his constitutional rights and that the DEA's request for a meeting constituted a subterfuge to force him to incriminate himself. The district court dismissed the action, concluding that the allegations in the complaint were frivolous and failed to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). We affirm.

On appeal, we apply a two-part standard based on the two different grounds for dismissal. For the dismissal based on frivolousness, we apply the abuse-of-discretion standard. *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) ("This court reviews frivolousness dismissals for an abuse of discretion."). For the dismissal involving failure to state a claim on which relief can be granted, we apply de novo review. *See Perkins v. Kan. Dept. of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) (holding that we apply de novo review to a dismissal under 28 U.S.C. § 1915 based on failure to state a claim on which relief can be granted).

In the complaint, Rev. Gallagher alleged that the DEA took too long to respond to his request for a religious exemption. The district court pointed out that Rev. Gallagher hadn't identified the drug he wanted to use or how it is used in his religion. Without such basic information, the district court concluded that Rev. Gallagher's claim was frivolous and did

2

not amount to a constitutional violation. In his appeal brief, Rev. Gallagher does not say how the district court erred in its analysis of this claim.

Rev. Gallagher also alleged in the complaint that the DEA was trying to force him to incriminate himself. For this allegation, the district court reasoned that Rev. Gallagher had not explained how arrangement of a meeting would violate his constitutional rights. In his appeal brief, Rev. Gallagher again fails to say how the district court erred in its consideration of this claim.

In his appeal brief, Rev. Gallagher adds allegations involving the "incorporation doctrine" and "bill of attainder." But he did not include these allegations in district court, so they are considered forfeited. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1351–52 (10th Cir. 2017). And even here, Rev. Gallagher fails to explain (1) how his allegations would implicate the so-called "incorporation doctrine" or (2) how he was subjected to a bill of attainder.

For these reasons, the district court did not abuse its discretion in characterizing Rev. Gallagher's claims as frivolous. Nor did the court err in deciding that the complaint failed to state a claim on which relief can be granted.

Affirmed.[1]

                                                Entered for the Court

                                                Robert E. Bacharach
                                                Circuit Judge

---

[1] We grant Rev. Gallagher's motion for leave to proceed in forma pauperis.

4

Case No. A-19-CV-01136-RP-SH
UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

# Temple v. Drug Enf't Agency

Decided Nov 27, 2019

Case No. A-19-CV-01136-RP-SH

11-27-2019

THE SHAIVITE TEMPLE v. DRUG ENFORCEMENT AGENCY, ET AL.

SUSAN HIGHTOWER UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

## TO: THE HONORABLE ROBERT PITMAN UNITED STATES DISTRICT JUDGE

Before this Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

On November 18, 2019, Plaintiff The Shaivite Temple, acting through Ryan Sasha Gallagher, filed the instant Complaint against the Drug Enforcement Agency, Susan A. Gibson, and Dan McCormick[1] ("Defendants"). Dkt. No. 1. Plaintiff's Complaint asserts jurisdiction under the Administrative Claims provision of the Federal Tort Claims Act and alleges violations of human rights and religious civil rights. *Id*. at 2. According to Plaintiff, "overzealous enforcement" of Controlled Substance Laws has caused the DEA "to ignore and even actively attack Religion." *Id*. at 1. Plaintiff alleges that his brother died at age 12 and "could have been saved by Cannabinoids," but doctors were afraid due to federal law and the DEA's "overzealous enforcement." *Id*. at 1-2.

2  *2  Plaintiff states that he is a Hindu Shaivite and that in October 2017 he "petitioned the DEA," but has not received any substantive response. *Id*. at 1. Although Plaintiff does not further explain the petition, based on the Complaint's reference to cannabinoids, Plaintiff appears to claim that he petitioned for a religious exemption to the Controlled Substance Act. *See id*. Plaintiff further alleges, without any specific details, that Defendants have spied on his activity and meddled in federal court case outcomes. *Id*. at 1. Plaintiff seeks $5.6 million in damages for himself, his family, and his religious organization. *Id*. at 2.

[1] Although Plaintiff included Dan McCormick in the style of the case, McCormick is not mentioned by name in the Complaint. --------

## II. MOTION TO PROCEED IN FORMA PAUPERIS



1

Plaintiff asks to be permitted to file this lawsuit without paying the filing fee. After reviewing Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and financial affidavit in support, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a 28 U.S.C. § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims be dismissed under § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

3   *3

## III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Complaint should be dismissed under § 1915(e)(2)

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746

4   (2019). Federal subject matter jurisdiction extends to civil cases "arising under the *4 Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. As the party asserting federal jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir.

2018), *cert. denied*, 139 S. Ct. 1330 (2019). Federal courts are "under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995); *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam).

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, a plaintiff may sue the United States only if a federal statute specifically waives sovereign immunity. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). It is well-established that the sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Sovereign immunity thus extends to the DEA and its agents. *See*, *e.g.*, *Richards v. Pennsylvania*, 196 F. App'x 82, 85 (3d Cir. 2006) (per curiam).

Here, Plaintiff brings suit against the DEA and two of its purported agents, alleging that his constitutional rights have been violated under color of federal law. Accordingly, Plaintiff's Complaint attempts to set forth a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, under the doctrine of sovereign immunity, *Bivens* claims cannot be brought against an agency or its officers in their official capacities. *Meyer*, 510 U.S. at 483-86. Sovereign immunity thus deprives the Court of jurisdiction over Plaintiff's claim. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam). *5

Based on the foregoing, the Court finds that Plaintiff's lawsuit should be dismissed because he is seeking "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(iii). Based on the nature of the events alleged in the lawsuit and the unlikelihood that the jurisdictional issues could be cured with by an amendment, the Court finds that the case should be dismissed without the opportunity to amend. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

Notably, Plaintiff Ryan Sasha Gallagher has filed numerous similar suits, albeit under his own name rather than in the name of The Shaivite Temple, in several other federal district courts. *See*, *e.g.*, *Gallagher v. Paxton*, 2019 WL 4267438 (E.D. Tex. Sep. 10, 2019); *Gallagher v. Ole Miss*, 2019 WL 2617981 (N.D. Tex. May 28, 2019); *Gallagher v. Wray*, 2019 WL 2719285 (N.D. Tex. May 24, 2019); *Gallagher v. DEA*, 2019 WL 1997481 (N.D. Miss. Apr. 16, 2019); *Gallagher v. DEA*, Civil Action No. 1:18-CV-2439-UNA (D.D.C. Dec. 3, 2018); *Gallagher v. DEA et al.*, Civil Action No. 1:18-cv-02505-LTB (D. Colo. Nov. 9, 2018); *Gallagher v. Drug Enf't Agency*, 2018 WL 1703121 (N.D. Tex. Feb. 8, 2018). In 2018 alone, Plaintiff pursued 36 different federal actions. *Gallagher v. DEA*, 2019 WL 1997481, at *2 (N.D. Miss. April. 16, 2019). Several districts have imposed sanctions on Plaintiff, preventing him from proceeding pro se or *in forma pauperis* without obtaining permission from the court. Having reviewed this and numerous other filings by Plaintiff in several other federal courts, the undersigned finds this action is a continuation of a pattern of frivolous or malicious filings by this Plaintiff. The Court hereby warns that continued frivolous filings in this District will warrant sanctions and similar filing restrictions. *6

## IV. RECOMMENDATION

Based on the foregoing, the Court **HEREBY GRANTS** Plaintiff's request to proceed *in forma pauperis*. The undersigned also **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2) for lack of jurisdiction and failure to state a claim.



## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 27, 2019.

/s/_____

SUSAN HIGHTOWER

UNITED STATES MAGISTRATE JUDGE

 casetext



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

Case Number: 18-00340-F

MAR 0 5 2018

Subject: FISA/FISC, Records regarding Religion/RFRA and IACHR/OAS and DEA, or DEA's policy/how the RFRA and the Inter American Commission on Human Rights and the Treaty of the Rights and Duties of Man are enforced by DEA or cases regarding the RFRA and IACHR

Ryan "Sasha" Gallagher
200 South Wilcox Street #174
Castle Rock, Colorado 80108
mahatmajapa@gmail.com

Dear Mr. Gallagher:

This letter responds to your Freedom of Information/Privacy Act (FOI/PA) request dated February 12, 2018, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit (SARF), seeking access to information regarding the above subject.

Your request as written does not meet the requirements of the FOIA, 5 U.S.C. § 552 (a)(3)(A), since it does not reasonably describe records. The Department of Justice (DOJ) rules, contained at 28 C.F.R. § 16.3, provide that "you must describe the records in enough detail to enable department personnel to locate them with a reasonable amount of effort" and when possible, your request should include specific information about each record sought such as the date, title or name, author and subject matter of the record. These specifics are important to determine the extent and scope of the search, and to determine the records that are responsive. DEA can make certain presumptions to overcome some of the deficiencies in your request, but not all of them.

To retrieve the information that you may be seeking requires more specificity. Under the FOIA, an agency is not required to conduct research. DEA maintains several types of records and records systems (i.e., regulatory, personnel, investigative, etc.). For example, in your letter, you are requesting records regarding **"FISA/FISC, Religion/RFRA and your agency, or policy/how the RFRA is enforced by your agency, or cases you have on record regarding the RFRA...,"** yet you have not specified a particular DEA office that you wish searched; or the type of record that would be responsive to your request. Be advised that there are approximately 22 DEA Field Divisions, over 250 domestic offices, and more than 150 Headquarters activities. Since your description did not limit the search to a specific office or area, a vast majority of DEA offices would be tasked to conduct a search of their respective offices for any responsive records pertaining to the subject of your request. As such, your request is overly broad and burdensome.

Case Number: 18-00340-F

Page 2

DEA is a component of the Department of Justice whose primary responsibility is the enforcement of Federal criminal laws related to the illicit trafficking in controlled substances and chemicals, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. *See* 28 C.F.R. § 0.100. DEA maintains several types of records that include criminal and administrative investigatory records, regulatory records, administrative, program records, financial records and personnel records. Under the FOIA an agency is not required to research a topic, create records or engage in a far reaching search of every record system to satisfy a FOIA request.

To this end, no further action will be initiated on this request until we are in receipt of a reasonable description of records sought. If this office does not receive your reformulated request within 30 days, DEA will assume that you do not wish to pursue this matter and your request will be administratively closed. Please forward your response to the following address:

DEA Headquarters
Attn: FOIA/PA Unit (SARF)
8701 Morrissette Drive
Springfield, VA 22152

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you have any questions regarding this letter, you may contact Paralegal Margaret C. Nee at 202-307-7611.

Sincerely,

Katherine Myrick

Katherine L. Myrick, Chief
Freedom of Information/Privacy Act Unit
FOI/Records Management Section