UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN SASHA-SHI VAN KUSH, : | |
| formerly known as Ryan Gallagher, : | |
| : | |
| Plaintiff, : | |
| v.  : | Civil Action No. 20-0906 (RC) |
| : | |
| DRUG ENFORCEMENT : | |
| ADMINISTRATION, : | |
| : | |
| Defendant. : | |

### MEMORANDUM OPINION

The Court construed plaintiff's initial pleading, titled "Writ of Mandamus," as a civil complaint (ECF No. 1, "Compl.") against the Drug Enforcement Administration ("DEA" or "defendant"), a component of the United States Department of Justice, under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a. Plaintiff since has filed a motion to amend his complaint (ECF No. 34, "Mot. Am. Compl."), to raise claims under the Federal Tort Claims Act ("FTCA"), the Small Business Regulatory Enforcement Fairness Act ("SBREFA"), the Religious Freedom Restoration Act ("RFRA"), and the Mandamus Act. DEA opposed the motion to amend (ECF No. 50) and filed a motion to dismiss or for summary judgment (ECF No. 51).

On November 8, 2021, the Court issued a Memorandum Opinion and Order (ECF No. 55) resolving the FOIA claims and dismissing the Privacy Act, FTCA, and SBREFA claims. In addition, the Court directed DEA to file a supplemental brief in further support of its opposition to plaintiff's motion to amend the complaint, focusing on the RFRA and mandamus claims. DEA filed its Supplemental Brief in Support of Opposition to Plaintiff's Motion for Leave to

1

File an Amended Complaint (ECF No. 61, "Supp. Mem.") on March 23, 2022. The Court's March 24, 2022, Minute Order directed plaintiff to file his response by April 22, 2022. Plaintiff has not filed a response, and for the reasons discussed below, the Court DENIES plaintiff's motion to amend the complaint.

## I. Legal Standard

The decision to grant or deny leave to amend a complaint "is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility," *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If the proposed amended complaint would not survive a motion to dismiss, the court may deny leave to amend as futile. *See In re InterBank Funding Corp. Sec. Litigation*, 629 F.3d 213, 218 (D.C. Cir. 2010); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

## II. Discussion

### A. RFRA and Relevant DEA Regulations

In relevant part, RFRA provides that "Government shall not substantially burden a person's exercise of religion[.]" 42 U.S.C. § 2000bb-1(a). There is an exception, however:

> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1(b).  "If the Government substantially burdens a person's exercise of religion, under [RFRA] that person is entitled to an exemption[.]"  *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 694–95 (2014).

DEA has published a document titled "Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act" ("RFRA Guidance") for those who petition DEA for religious exemptions from the Controlled Substances Act ("CSA"), *see* 21 U.S.C. § 801 *et seq*.[1]  Contents of a petition were to include:

> as much information as [the petitioner] deems necessary to demonstrate that application of the [CSA] to the party's activity would (1) be a substantial burden on (2) his/her sincere (3) religious exercise.  Such a record should include detailed information about, among other things, (1) the nature of the religion (e.g., its history, belief system, structure, practice, membership policies, rituals, holidays, organization, leadership, etc.); (2) each specific religious practice that involves the manufacture, distribution, dispensing, importation, exportation, use or possession of a controlled substance; (3) the specific controlled substance that the party wishes to use; and (4) the amounts, conditions, and locations of its anticipated manufacture, distribution, dispensing, importation, exportation, use or possession.

Supp. Mem., Ex. 2 (ECF No. 61-1 at 28-29, "RFRA Guidance") ¶ 2.  DEA could require a petitioner to submit additional information, *see* RFRA Guidance ¶¶ 4-5, and its evaluation of a petition could include interviews and on-site inspections, *see* 21 U.S.C. § 822(f); 21 C.F.R. § 1316.03.  The Deputy Assistant Administrator of DEA's Office of Diversion Control would issue a written response either granting or denying the petition.  RFRA Guidance ¶ 8.

---

[1]  DEA represents that the document is updated periodically, *see* Supp. Mem. at 5 (page number designated by CM/ECF), and the current version can be found at https://www.deadiversion.usdoj.gov/GDP/(DEA-DC-5)(EO-DEA-007)(Version2)RFRA_Guidance_(Final)_11-20-2020.pdf.

**B. Plaintiff's Petition**

Plaintiff requested an exemption from regulation under the CSA for various forms of cannabis and another controlled substance. *See* Mot. Am. Compl. at 4 (page number designated by CM/ECF); *see generally* Supp. Mem., Ex. 1 (ECF No. 61-1 at 5-25, "Petition"). DEA's Diversion Control Division received the Petition in October 2017, *see* Supp. Mem. at 7, and interviewed plaintiff by telephone on August 14, 2018, *see* Mot. Am. Compl. at 7. By letter dated July 16, 2018, DEA requested additional information needed for action on the Petition. *See generally* Supp. Mem., Ex. 4 (ECF No. 61-1 at 47-49), and plaintiff did not respond, *see id.* at 9. Plaintiff demands "that the DEA . . . either Approve or Deny [his] Petition from 2017." Compl. at 7; *see* Mot. Am. Compl. at 2, 9.

**C. The Proposed Amended Complaint Fails to State a RFRA Claim**

"In order to obtain an exemption from the CSA under RFRA, a party must, as a preliminary matter demonstrate that its (1) sincere (2) religious exercise is (3) substantially burdened by the CSA." *Gallagher v. DEA*, No. 18-CV-01674, 2018 WL 9485035, at *2 (D. Colo. Aug. 21, 2018) (citation omitted), *aff'd sub nom. Gallagher v. Drug Enforcement Admin.*, 755 F. App'x 856 (10th Cir. 2019). The Court "focus[es] RFRA's substantial burden inquiry on the nexus between religious practice and religious tenet: whether the regulation at issue forced plaintiffs to engage in conduct that their religion forbids or . . . prevents them from engaging in conduct their religion requires." *Mahoney v. Doe*, 642 F.3d 1112, 1121 (D.C. Cir. 2011) (quoting *Henderson v. Kennedy*, 253 F.3d 12, 16 (D.C. Cir. 2001)) (internal quotation marks and brackets omitted).

Plaintiff's proposed amended complaint cites federal statutes and regulations, inserts excerpts of published judicial opinions, discusses plaintiff's prior litigation, and describes

4

plaintiff's communication with DEA. Where plaintiff does discuss his religion, he manages only to declare himself a Hindu Shaivite Priest and Prophet of Lord Shiva, who "is traditionally Represented on Earth by Marijuana." Mot. Am. Compl. at 4. Plaintiff also identifies Alexander "Sasha" Shulgin as the founder of the American Shaivite sect, and attributes to him the invention of "many Holy Molecules," including a substance called "4-OH-MiPT, Miprocin." *Id.* Missing from both the original complaint and the proposed amended complaint are factual allegations describing the religious practice at issue, identifying which controlled substance is essential to the religious practice, stating how the substance is used in his religious practice, and explaining how the CSA substantially burdens that practice.

**D. Plaintiff Lacks Standing to Bring a RFRA Claim**

"A person whose religious exercise has been burdened in violation of [RFRA] may assert that violation as a claim . . . in a judicial proceeding[.]" 42 U.S.C. § 2000bb-1(c). If a person does seek judicial review, "[s]tanding to assert a claim . . . shall be governed by the general rules of standing under article III of the Constitution" of the United States. *Id*.

"The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Ass'n of Am. Physicians & Surgeons, Inc. v. Schiff*, 23 F.4th 1028, 1032 (D.C. Cir. 2022) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish standing, a party must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). For injury-in-fact, "a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). The near total absence of factual allegations

discussed above supports denial of leave to file an amended complaint for lack of standing. Plaintiff fails to demonstrate that he has suffered or stands to suffer an injury traceable to any action or inaction by DEA.

### E. This Court Lacks Jurisdiction Over Plaintiff's Mandamus Claim

The Court understands plaintiff to challenge DEA's lengthy delay in granting or denying his Petition and to demand a writ of mandamus compelling DEA to issue its decision. These are matters over which this district court lacks jurisdiction. Only a United States Court of Appeals may review a final DEA decision on a petition for an exemption from the CSA. *See John Doe, Inc. v. Drug Enforcement Admin.*, 484 F.3d 561, 568 (D.C. Cir. 2007) (quoting 21 U.S.C. § 877). Thus, the CSA is "a statute which vests jurisdiction in a particular court [and] cuts off original jurisdiction in other courts in all cases covered by that statute." *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984).[2]

## III. Conclusion

The Court concludes that the proposed amended complaint fails to state a RFRA claim, and even if it had, plaintiff lacks standing to bring a RFRA claim. Further, the Court concludes that it lacks jurisdiction over the mandamus claim. Therefore, the Court DENIES plaintiff's motion for leave to amend the complaint as futile. There remain no further matters to resolve in this case, and a final Order is issued separately.

DATE: June 6, 2022                                  /s/
                                                   RUDOLPH CONTRERAS
                                                   United States District Judge

---

[2] Even if this Court had jurisdiction over plaintiff's mandamus claim, the claim would be denied. DEA has not delayed unreasonably a decision on plaintiff's Petition. DEA made reasonable requests for additional information, and plaintiff failed to provide it.